MARYLAND CASUALTY COMPANY, Petitioner, *v.* DISTRICT COURT OF GUAYAMA, Respondent.

No. 684.   Argued June 13, 1930.—Decided July 15, 1930.

*Celestino Iriarte* for petitioner.   *James R. Beverley, Attorney General,* and *T. Torres Pérez, Assistant Attorney General,* for the Industrial Commission.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

In a proceeding to determine a claim for compensation for the death of Atilano Acosta, a workman, who died as a result of a labor accident, the Industrial Commission of Puerto Rico rendered a decision against the insurer petitioner herein, The Maryland Casualty Company, and adjudged the said company to pay to the minor children of

said workman, who were dependent upon him for support, the sum of $2,000. The company thereupon filed in the District Court of Guayama a petition for review in accordance with section 15 of Act No. 85 of 1928.

After the record had been forwarded by the said commission and the parties to the controversy were heard, the court held that the award made by the commission was fair and reasonable and ordered the insurer company to deposit in the office of the clerk of the court, within 10 days' notice, the sum of $2,000, of which $1,850 was to be paid to the beneficiaries and $150 to their attorney.

The company then applied to this court for a writ of certiorari. The writ having been issued, we have examined the proceedings but fail to find any want of jurisdiction or any procedural error justifying the intervention of this court.

The jurisdiction of the commission is clear. It made the investigation required by law. The accident is admitted to be one of those covered by the statute, and for such cases of death as that herein the act provides for the payment to the beneficiaries of a compensation of from $1,000 to $3,000, to be fixed in accordance with the earning power of the deceased workman and his expectancy of life, such compensation to be distributed in equal shares among the beneficiaries having regard to their condition and needs, and the degree of kinship and dependence.

Upon the evidence introduced, the commission concluded that the deceased workman was 60 years old; that he was earning 85 cents daily and something more from a small peddling business, and that he left four minor children who were dependent upon him for support. In view of these findings, the court fixed the compensation, as already stated, at $2,000.

The jurisdiction of the district court is also very clear. It seems advisable to transcribe here section 15 of the cited act which reads as follows:

"Within ten days after the service of notice, any party in interest may present certified copies of an order or decision of the Industrial Commission or of a decision of a commissioner from which no claim for review has been filed with the Commission within the time allowed therefor, or of a *memorandum* of agreement between the parties approved by the Industrial Commission, to the district court for the district in which the accident occurred with a petition for review, whereupon said court shall order the Industrial Commission to forward the record in the case, shall hear the parties to the controversy, shall render proper decision, and shall notify the parties. Decisions of the court shall have the same effect as a judgment rendered in a trial, but there shall be no appeal therefrom."

The court followed the procedure prescribed in the above section; it heard the parties and, as previously stated, it held that the amount awarded was fair and reasonable. In reaching that conclusion the court took into consideration the facts as they had been weighed by the Commission and as they appeared from the record sent up, and applied the law according to its best knowledge.

It is urged that the amount awarded is excessive. The compensation granted is within the limits fixed by the statute, and the determination of the amount thereof, having regard for the circumstances of the case, does not involve a question of jurisdiction nor any procedural error.

It is evident, therefore, that certiorari does not lie. Accordingly, the writ must be discharged and the case remanded to the district court where it originated.